IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUZANNE M. HERNANDEZ and, <br> ROBERT HERNANDEZ <br> <br> Plaintiffs, <br> <br> VS. <br> <br> WELLS FARGO BANK, N.A. MORTGAGE <br> ELECTRONIC REGISTRATION SYSTEMS, <br> INC. ROBERT K. FOWLER, and 820 <br> VERNON DRIVE, PROVIDENCE VILLAGE <br> 76227, <br> <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 4:11CV753 |

**MEMORANDUM OPINION AND ORDER OF
<u>UNITED STATES MAGISTRATE JUDGE GRANTING
MOTION FOR SUMMARY JUDGMENT</u>**

Now before the Court is Defendants Wells Fargo, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS")'s Motion for Summary Judgment (Dkt. 11). As set forth below, the Court finds that the motion should be GRANTED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about July 19, 2007, Plaintiffs Suzanne and Robert Hernandez purchased a house located at 820 Vernon Drive, Providence Village, Texas 76227 ("the Property"). Plaintiffs allege that they refinanced the Property and executed a Promissory Note and Deed of Trust in favor of the original lender, Wells Fargo, on January 23, 2009. *See* Dkt. 4 at ¶ 8.

1

According to Defendants, in January 2011, Plaintiffs fell behind in making payments on the Note. *See* Dkt. 11 at ¶ 8. Defendants allege Plaintiff Suzanne Hernandez called Defendants requesting a short sale on or about March 29, 2011, but Defendants denied Plaintiffs' request because Plaintiffs failed to meet investor guidelines due to a pending insurance claim for hail damage. *Id.* at ¶ 11-14. On June 7, 2011, Wells Fargo purchased the Property at a foreclosure sale. *Id.* at ¶ 20.

On August 2, 2011, Plaintiffs filed an Original Petition, Motion for Temporary Restraining Order, and Application for Temporary Injunction in 393rd Judicial District in Denton County, Texas, claiming that Defendants wrongfully foreclosed and wrongfully took possession of Plaintiffs' property. *See* Dkt. 4. Plaintiffs also assert that Defendant Wells Fargo's actions have clouded title to the Property, rendering it unmarketable. *See id.* at ¶ 13. Plaintiffs also seek declaratory relief and a temporary restraining order. *Id.*

Defendants removed the case to this Court on November 16, 2011. Since removal, Plaintiffs have not amended their original state court petition.

Now before the Court is Defendants' motion for summary judgment, seeking summary judgment on the claims raised by Plaintiffs here. In their motion, Defendants make the following arguments: (1) Plaintiffs' claims for wrongful foreclosure and wrongful possession fail as a matter of law; (2) Plaintiffs fail to present evidence to support any element in a suit to quiet title; and (3) Plaintiffs are not entitled to declaratory or injunctive relief because there is no genuine factual dispute over the loan documents. To date, Plaintiffs have not filed a response in opposition.

# MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the

existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

Defendants' motion was filed on March 19, 2012. After the motion had been pending for almost six months without a reply, on September 18, 2012, the Court entered an order stating that if no summary judgment response were filed by September 25, 2012, the Court would assume that Plaintiffs did not oppose the relief requested by Defendants and proceed accordingly. *See* Dkt. 13. Plaintiffs did not timely file any summary judgment response on September 25, and, to date, Plaintiffs have made no motions to the Court attempting to show good cause for their failure to respond.

More importantly, Plaintiffs have failed to file any summary judgment evidence whatsoever in this matter. Defendants, on the other hand, have offered into the summary judgment record several affidavits and pieces of documentary evidence, including: (1) Note dated January 23, 2009; (2) Deed of Trust dated January 23, 2009; (3) Notice of Default letter to Plaintiffs dated March 6,

2011; (4) Forbearance Agreement dated March 8, 2011; (5) excerpts from Wells Fargo's Loss Mitigation Process Notes dated March 29, 2011; (6) Wells Fargo letter to Plaintiffs dated March 30, 2011; (7) letter from Brice, Vander Linden & Wernick, P.C. to Plaintiffs dated May 5, 2011; (8) letter from Wells Fargo to Plaintiff dated May 11, 2011: (9) letters from Brice, Vander Linden & Wernick, P.C. to Plaintiffs dated May 16, 2011; (10) Appointment of Substitute Trustee dated May 25, 2011; (11) excerpts from the Serving Process Notes dated June 1-2, 2011; (12) letter from Wells Fargo to Tina Marr dated June 3, 2011; (13) excerpts from Wells Fargo's Consolidated Notes Log dated June 6-7, 2011; and (14) Substitute Trustee's Deed dated June 7, 2011. *See* Dkt. 11-1 – 11-3. Plaintiffs have not objected to or otherwise controverted any of these exhibits.

Although Defendants do not have the ultimate burden on summary judgment, the Court finds that none of the evidence in the summary judgment record creates a genuine issue of material fact as to the claims here. The Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiffs could create a genuine issue of material facts as to their claims. The non-movants' burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. The Court's time and resources are limited, and the Court will not do Plaintiffs' work for them. Plaintiffs have had more than six months to prepare a response to submit evidence to create a genuine issue of material fact as to their claims, and they have not done so. In accordance with Local Rule CV-7(d), the Court thus assumes that Plaintiffs' failure to respond to the motion for summary judgment indicates that they are not opposed to it and that, having been granted additional time to respond, they concede that there is no genuine issue of material fact as to

at least one of the elements of all of their claims.

Without any summary judgment evidence to support their claims, Plaintiffs have not sustained their summary judgment burden. Defendants' motion for summary judgment (Dkt. 11) is therefore GRANTED and Plaintiffs shall take nothing by their claims here.

**SO ORDERED.**

**SIGNED this 18th day of October, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE